[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 9, 2010
JOHN LEY
CLERK

No. 09-12117
Non-Argument Calendar

_____

D. C. Docket Nos. 09-60432-CV-WPD
89-00775 CR-WPD

JOHN BALLESTER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 9, 2010)

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

On March 20, 1992, petitioner having pled guilty to the crime of possession by a convicted felon of a firearm in an affecting interstate commerce, in violation of 18 U.S.C. § 922(g)(1), the district court sentenced him to prison for a term of 63 months. On March 31, 1992, he moved the district court to vacate his conviction and sentence on various grounds. His motion was denied.[1]

On March 18, 2009, petitioner, in another attempt to have his conviction and sentence set aside, petitioned the district court for a writ of error *coram nobis*. He claimed that his conviction was invalid because the firearm at issue had not traveled in interstate commerce; hence, he was "actually innocent" of the § 922(g)(1) offense. The district court denied relief, refusing to exercise its discretion to grant the writ because *coram nobis* is a remedy of last resort—available in compelling circumstances where necessary to achieve justice. Petitioner now appeals the ruling, proceeding *pro se* as he did in the district court.

Petitioner argues that the firearm at issue was made in Florida and never left the state. In that the interstate nexus is jurisdictional, he continues, his conviction is invalid.

Contrary to petitioner's view, the interstate nexus is not jurisdictional. The Supreme Court made this plain in *United States v. Lopez*.

---

[1] Petitioner's subsequent attempts to obtain relief from his conviction and sentence, which are not pertinent here, were unsuccessful.

[Section] 922(q) contains no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce. For example, in *United States v. Bass*, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), the Court interpreted former 18 U.S.C. § 1202(a), which made it a crime for a felon to "receiv[e], posses[s], or transpor[t] in commerce or affecting commerce ... any firearm." 404 U.S., at 337, 92 S.Ct., at 517. The Court interpreted the possession component of § 1202(a) to require an additional nexus to interstate commerce both because the statute was ambiguous and because "unless Congress conveys its purpose clearly, it will not be deemed to have significantly changed the federal-state balance." Id., at 349, 92 S.Ct., at 523. The *Bass* Court set aside the conviction because, although the Government had demonstrated that Bass had possessed a firearm, it had failed "to show the requisite nexus with interstate commerce." Id., at 347, 92 S.Ct., at 522. The Court thus interpreted the statute to reserve the constitutional question whether Congress could regulate, without more, the "mere possession" of firearms. See id., at 339, n. 4, 92 S.Ct., at 518, n. 4; *see also United States v. Five Gambling Devices*, 346 U.S. 441, 448, 74 S.Ct. 190, 194, 98 L.Ed. 179 (1953) (plurality opinion) ("The principle is old and deeply imbedded in our jurisprudence that this Court will construe a statute in a manner that requires decision of serious constitutional questions only if the statutory language leaves no reasonable alternative"). Unlike the statute in *Bass*, § 922(q) has no express jurisdictional element which might limit its reach to a discrete set of firearm possessions that additionally have an explicit connection with or effect on interstate commerce.

514 U.S. 549, 561-62, 115 S.Ct. 1624, 1631, 131 L.Ed. 2d 626 (1995).

Because the interstate nexus is not jurisdictional, petitioner's argument is reduced to the proposition that he should be given *coram nobis* relief because the Government failed to prove at his plea hearing that the firearm actually traveled in interstate commerce. Petitioner's problem is that, in pleading guilty, he waived

the right to challenge the Government's proof.  The district court's refusal to grant

the writ is, accordingly,

    AFFIRMED.